Safonova v Home Care Servs. for Ind. Living, Inc. (2018 NY Slip Op 06805)





Safonova v Home Care Servs. for Ind. Living, Inc.


2018 NY Slip Op 06805


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Sweeny, J.P., Tom, Gesmer, Kern, Moulton, JJ.


7299N 150642/16

[*1] Svetlana Safonova, etc., Plaintiff-Respondent,
v
Home Care Services for Independent Living, Inc., Defendant-Appellant.


FordHarrison LLP, New York (Philip K. Davidoff of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 19, 2017, which denied defendant's motion to compel arbitration and stay this action, unanimously reversed, on the law, without costs, the motion to compel granted, and the parties are directed to proceed in accordance with the alternative dispute resolution provision in the December 2015 memorandum of understanding.
Plaintiff is bound by the arbitration provision in the collective bargaining agreement because the agreement was entered into while she was still employed, even though it was not ratified until after she resigned. "[A] union ratification vote is not always required for provisions in a [collective bargaining agreement] to be considered validly formed" (Granite Rock Co. v Int'l Bhd. of Teamsters , 561 US 287, 296 n 4 [2010]). Here, ratification was not a condition precedent to formation of the memorandum of agreement (MOA). While the MOA was "subject to ratification by the Union and its membership and by the Board of Directors of the Employer," the ratification provision does not provide that the MOA would become effective only upon ratification by the Union (cf. Adams v Suozzi , 340 F Supp 2d 279, 283 [ED NY 2004], affd on other grounds by 344 F3d 220 [2d Cir 2005] [holding that ratification was a condition precedent to contract formation where MOA stated that it "shall be inoperative as to any union which fails to ratify within 45 days"]).
Plaintiff's contention that she is not bound by the MOA because her resignation was effective December 1, 2015 is without merit. Although plaintiff did not perform work between December 1, 2015 and December 17, 2015, the date she submitted her resignation, she was still employed by defendant until the later date.
We reject plaintiff's contention that her claims that had accrued prior to December 1, 2015 were not covered by the clause (see Lai Chan v Chinese Am. Planning Council Home Attendant Program, Inc. , 180 F Supp 3d 236, 241 [SD NY 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK